IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MONTE C. DUTKO, Jr., | : |
|     Plaintiff | : |
|       v. | : Case No. 3:22-cv-19-KAP |
| OFFICER JOSEPH R. MOSER, | : |
| *et al.*, | : |
|     Defendants | : |

<u>Memorandum Order</u>

Plaintiff Monte Dutko is a resident of Cambria County who has filed a civil complaint against Officer Joseph Moser and his employer, the Cresson Township Police Department, and two other police departments, the Sankertown Borough Police Department and the Cresson Borough Police Department. The township surrounds the two boroughs that are adjacent to one another, and their small police departments assist one another. The greater Cresson area has a population of about 5000, and the population for the smallest component, Sankertown Borough, is about 700.

There are three criminal cases in the Cambria County Court of Common Pleas relevant to Dutko's *pro se* civil suit. At CP-11-CR-0000566-2021, it was alleged that on April 28, 2021, Dutko committed aggravated assault, resisting arrest and other offenses. According to Dutko's civil complaint, he was being arrested for a child support matter. Last week, on September 12, 2022, Dutko pleaded *nolo contendere* to a subset of the charges and was sentenced by Judge Tulowitzki to 2-23 months with automatic parole. At CP-11-CR-0000567-2021, it was alleged that on April 10, 2021, Dutko drove under the influence of alcohol. In a bench trial before Judge Krumenacker on August 23, 2021, Dutko was found guilty; Judge Krumenacker sentenced Dutko that day to 2-6 months with automatic parole. A bench warrant was issued for Dutko in September 2021, and in December 2021, Dutko was arrested and remanded to the Cambria County Prison to serve the DUI sentence. There was a collateral attack on the DUI sentence that was dismissed in September 2022 because the sentence had expired.

In 2022, a third criminal prosecution was filed against Dutko: at CP-11-CR-000056-2022, it was alleged that on December 13, 2021 Dutko committed resisting arrest and other offenses. I infer that this allegedly took place during the arrest on the bench warrant in the DUI case. Last week, on September 12, 2022, Dutko pleaded *nolo contendere* to resisting arrest and flight to avoid apprehension and was sentenced by Judge Tulowitzki to 2-23 months with automatic parole. The sentence is concurrent to the sentence Judge Tulowitzki imposed at CP-11-CR-0000566-2021.

Dutko's civil complaint, filed in January 2022 from the Cambria County Prison, states very briefly that on April 28, 2021, Officer Moser of the Cresson Township Police Department used excessive force against Dutko, tasing him while he was face down after being arrested and while he was already being held at gunpoint by Officer Hoenshall of the Sankertown Police Department. Even fewer details are related about the December 13, 2021 arrest: Officer Moser allegedly assaulted or sexually assaulted Mrs. Dutko, and hit (presumably with a vehicle) and caused damage to Dutko's truck and house.

Cresson Borough Police Department moves to dismiss, ECF no. 17, because all that is alleged against it is that it (that is, its officer or officers) was present at the time of one or both events. Dutko has not replied.

There is no claim against the Cresson Borough Police Department. To pass muster under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Moser is the officer who allegedly used excessive force on both occasions, and he is not allegedly employed by the Borough. Even if he were, civil rights claims do not imply vicarious or *respondeat superior* liability, and no custom or policy of any department is alleged to have caused Moser's alleged use of force. See Monell v. New York City Dep't of Social Services, 436 U.S. 658, 690-91 (1978) (municipal employers are liable for deprivation of civil rights caused by their own illegal customs and policies but are not liable for their employees' actions).

Precedent from the Court of Appeals gives plaintiffs in civil rights cases leave to amend a deficient complaint unless it is inequitable or futile. A textbook example of inequity would be to allow a plaintiff to plead an inadequate claim, fail to answer a motion to dismiss or otherwise clarify the complaint, and then to treat the court's ruling as a guide to causing further expenditure of the defendants' resources and scarce judicial time.

The motion at ECF no. 17 is granted. The case continues against the other defendants, who should confer with plaintiff and propose a discovery schedule. Sankertown Borough was apparently sent a waiver of service but has not appeared yet.

DATE:   September 21, 2022

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel and by U.S. Mail to:

Monte C. Dutko, Jr. 22-0680     and     Monte Dutko, Jr.
Cambria County Prison                   304 Red Oak Lane
425 Manor Drive                          Cresson, PA 16630
Ebensburg, PA 15931