IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MONTE C. DUTKO, Jr., : | |
|     Plaintiff : | |
|       v. : | Case No. 3:22-cv-19-KAP |
| OFFICER JOSEPH R. MOSER, : | |
| *et al.*, : | |
|     Defendants : | |

<u>Memorandum Order</u>

    In February 2022 plaintiff Monte Dutko filed a civil complaint against Officer Joseph Moser and his employer, the Cresson Township Police Department, and against two other police departments, the Sankertown Borough Police Department and the Cresson Borough Police Department, relating to alleged excessive uses of force in connection with Dutko's interaction with Moser in two criminal cases in the Cambria County Court of Common Pleas in which Moser was the arresting officer.

    The first interaction relates to Moser's arrest of Dutko on April 28, 2021, in what became <u>Commonwealth v. Dutko</u>, CP-11-CR-566-2021 (C.P. Cambria). According to Dutko, he was being arrested for a child support matter and Dutko tased him while he was already face down and being held at gunpoint by an officer (who is not a defendant) of the Sankertown Police Department. Dutko, represented by counsel, pleaded *nolo contendere* to resisting arrest and flight to avoid apprehension and on September 12, 2022 was sentenced by Judge Tulowitzki to 2-23 months with automatic parole. There was no direct appeal, but in March 2023 Dutko filed a collateral attack on his conviction under Pennsylvania's Post Conviction Relief Act (PCRA). The public docket indicates Judge Tulowitzki dismissed the PCRA petition and scheduled a hearing for sentence modification for May 4, 2023.

    In <u>Commonwealth v. Dutko</u>, CP-11-CR-567-2021 (C.P. Cambria), Dutko was charged with driving on April 10, 2021, while his license was suspended for a conviction of driving under the influence of alcohol.  In a bench trial before Judge Krumenacker on August 23, 2021, Dutko was found guilty; Judge Krumenacker sentenced Dutko that day to 2-6 months with automatic parole. There were various bench warrants and parole violation documents filed in this matter, and in June 2022 Dutko filed a motion for a modification of sentence and a PCRA petition that was dismissed in September 2022 because the sentence had expired.  Dutko does not mention this case in his complaint but in his pretrial statement, ECF no. 39, Dutko alleges that Moser committed perjury at the nonjury trial and implies that a motive for Moser's alleged conduct on April 28, 2021 was Moser's frustration at his lack of success in arresting Dutko on April 10, 2021. Dutko adds

that Moser arrested his wife for DUI on April 29, 2022.

In Commonwealth v. Dutko, CP-11-CR-56-2022 (C.P. Cambria), it was alleged that on December 13, 2021, Dutko committed resisting arrest and other offenses. I infer from the Complaint that this allegedly took place during the arrest on the bench warrant in the DUI suspension case. On September 12, 2022, Dutko entered a counseled *nolo contendere* plea to resisting arrest and flight to avoid apprehension and was sentenced by Judge Tulowitzki to 2-23 months concurrent to the sentence in CP-11-CR-566-2021. Dutko did not file a direct appeal but did collaterally challenge that conviction too in March 2023, and as in CP-11-CR-0000566-2021 Judge Tulowitzki dismissed the PCRA petition and scheduled a hearing for sentence modification for May 4, 2023.

Dutko's complaint alleged in very incomplete fashion that on December 13, 2021 Moser allegedly assaulted or sexually assaulted Mrs. Dutko, and hit and caused damage to Dutko's truck and house. In his pretrial statement, ECF no. 39, Dutko alleges in more detail that the "sexual assault" and vehicle damage claims result from Moser's pursuit of a vehicle driven by Dutko or his son on December 13, 2021. Dutko and son pulled into the driveway of the Dutko residence and while in pursuit Moser allegedly struck Dutko's parked truck with his vehicle, while Dutko's son got out of his vehicle and ran into the residence. Moser pursued Dutko's son into the house, where Mrs. Dutko was. Allegedly Mrs. Dutko was lightly clad and Moser "look[ed] up and down her" then threw Mrs. Dutko onto a bed and told her to get dressed because she was going to jail for harboring a fugitive. Eventually, plaintiff, his wife, and his son went to jail that day.

Plaintiff and defendant Cresson Borough Police Department consented to my jurisdiction, and I granted CBPD's motion to dismiss last September. I then established a pretrial schedule.

Pending is the motion of the remaining defendants, ECF no. 36, to compel plaintiff to sit for a deposition and extend the discovery period.

The motion to compel is granted. Plaintiff thinks some questions asked of him were irrelevant but except in cases of privilege the better practice is to object to the question and then answer it, and have the court decide after the fact whether that portion of the deposition can be used at trial. Even if plaintiff could have objected properly to some questions, unilaterally quitting a deposition is not proper. Failure to participate in discovery in good faith is a basis for sanctions including dismissal of the complaint.

Discovery, including the plaintiff's deposition, is reopened and shall be completed by June 30, 2023. Dispositive motions are due by July 30, 2023, with responses due on or before August 30, 2023. If no motions are filed, I will set a date for filing pretrial statements and for a pretrial conference.

If the parties confer and jointly agree that a pretrial status conference would be helpful they can file a motion seeking one.

DATE: May 3, 2023

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel and by U.S. Mail to:

Monte C. Dutko, Jr. 22-0680
Cambria County Prison
425 Manor Drive
Ebensburg, PA 15931