IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MONTE C. DUTKO, Jr., : | |
|     Plaintiff : | |
|       v. : | Case No. 3:22-cv-19-KAP |
| OFFICER JOSEPH R. MOSER, : | |
| *et al.*, : | |
|     Defendants : | |

Memorandum Order

    On April 15, 2024, I ruled on the pending summary judgment motion, and advised the parties that there was one claim for trial, the claim that defendant Moser's use of a taser on plaintiff Dutko on April 28, 2021 violated the Fourth Amendment. I ordered the filing of pretrial statements - plaintiff's pretrial statement was due by April 30, 2024 - and I set the trial for the week of May 28, 2024. I do not set trial dates lightly: as the third and junior judge sharing one courtroom, court reporter, and jury pool that is chronically depleted by the number of persons called in for criminal trials, once I have a schedule I need to stick with it. Plaintiff's failure to file a timely pretrial statement (the document filed in April 2023 styled "Plaintiff's Pretrial Statement" is not a pretrial statement) frustrates that.

    The Court of Appeals, in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir.1984) and more recently in Hildebrand v. Allegheny County, 923 F.3d 128, 132 (3d Cir.2019), set out the factors a court must consider in deciding whether to impose a sanction for failure to prosecute are listed as: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) any history of delay; (4) whether the conduct of the party or attorney at fault was willful or in bad faith; (5) the effectiveness of alternative sanctions; and (6) the merit of the claim or defense. It is not necessary that all the Poulis factors weigh in favor of dismissal. Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir.1988). What is necessary is that any sanction balance the Court's need to control its own docket against the goal of pretrial proceeding, which is to dispose of cases on their merits. *See* In re Asbestos Products Liability Litigation (No. VI), 718 F.3d 236, 246 (3d Cir.2013).

    Analysis of the Poulis factors is simple in this case. Plaintiff is proceeding *pro se* and is indigent. That makes the failure to file a pretrial statement entirely plaintiff's personal responsibility, and makes alternative (financial) sanctions ineffective. The prejudice to the defendant is clear: counsel either has to guess what plaintiff might want to present (given the lack of clear video evidence, the question of liability becomes a battle of competing accounts of what happened, so defendant's ability to prepare is hampered by not knowing whether plaintiff has other proposed witnesses; given the lack of an

1

express claim of personal injury in the complaint, defendant is likely to be completely in the dark as to what plaintiff's damages evidence is) or, if plaintiff is simply ordered to file a pretrial statement on a new schedule, defendant -through counsel- absorbs the cost of plaintiff's delay.

There is no history of delay that is notable in this matter, and I do not know whether plaintiff's failure to file can be characterized as "willful." Finally, the merits of this matter are as follows: a jury would have to decide whether the defendant, a police officer effecting a valid arrest, did or did not gratuitously use a taser on plaintiff, the use of which plaintiff did not even expressly allege resulted in bodily injury.

Having considered the foregoing, I dismiss the complaint for failure to prosecute. As is implied in my summary judgment ruling, dismissal is without prejudice to plaintiff securing counsel and proceeding with any claims as the representative of his wife's estate within whatever time period is available, and without prejudice to pursuing his pendent claim for property damage within a reasonable time by following the provisions of 42 Pa.C.S.§ 5103 (b)(1) and (2).

This is a final appealable order. The Clerk shall mark this matter closed.

DATE: May 7, 2024

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel and by U.S. Mail to:

Monte C. Dutko, Jr. 23-1509
Cambria County Prison
425 Manor Drive
Ebensburg, PA 15931